UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

       Plaintiff,                                    Civil Action No. 14-CV-11891

v.                                          Honorable Patrick J. Duggan

TERRY SANDERS,

       Defendant.

_____/

**OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Proceeding pro se, Plaintiff Bishop Perry, a Michigan Department of Corrections ("MDOC") prisoner, filed this civil rights lawsuit under 42 U.S.C. § 1983, alleging that he was retaliated against in violation of his First Amendment rights while confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff sues Terry Sanders, a prison guard at the time of the events giving rise to this lawsuit. Plaintiff claims that he was disciplined and held in segregation in retaliation for assisting another prisoner – Holden-El – in filing an internal prison grievance against Defendant. The case was referred to Magistrate Judge Michael Hluchaniuk for all pretrial proceedings.

On January 6, 2015, Defendant filed a motion for summary judgment, arguing that he is entitled to summary judgment because: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to establish his First Amendment retaliation claim; and (3) Defendant is entitled to qualified immunity. On July 7, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") in which he rejected all three of Defendant's arguments and recommended that his summary judgment motion be denied. Defendant filed objections to the R&R on July 21, 2015, and Plaintiff filed a response thereto, along with a motion for appointment of counsel. The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant does not object to the Magistrate Judge's conclusion that Plaintiff adequately exhausted his administrative remedies, *see* R&R at 4-6, or his conclusion that Defendant took an adverse action against Plaintiff. *See id.* at 7-8. Therefore, Defendant has waived those arguments and the Court adopts the Magistrate Judge's analysis and conclusion with regard to those issues.

Defendant objects to the Magistrate Judge's conclusion that fact issues preclude summary judgment on Plaintiff's retaliation claim. As explained by the Magistrate Judge, the elements of a First Amendment retaliation claim are as follows:

2

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  Regarding the first element, the Magistrate Judge correctly noted that assisting another inmate with filing a grievance is protected conduct under the First Amendment only if the assistance "is necessary to vindicate [the inmate's] right of access to the courts." *Id.* at 395.  The Magistrate Judge concluded that Plaintiff made a sufficient showing that his assistance was needed to preserve Holden-El's right of access to the courts based on an allegation in Plaintiff's verified complaint, *see* Compl. ¶ 2 ("Holden-El expressed to Plaintiff that he did not know how to meet exhaustion . . . and . . . without Plaintiff's assistance he would not be able to enter the Courts."), and an affidavit submitted by Daniel Perry, another inmate who assisted Holden-El.  *See* Perry Aff. ¶ 1 (Holden-El "would not have . . . [met] exhaustion . . . without Plaintiff's assistance.").

Defendant advances two arguments in support of his contention that the Magistrate Judge erred in concluding that Plaintiff engaged in protected activity. First, Defendant argues that, while assisting another prisoner with filing a *lawsuit* can be protected First Amendment conduct if the assistance is necessary to enable the prisoner to access the courts, assisting another prisoner in filing *a prison*

3

*grievance* is not protected conduct.   However, Defendant overlooks the fact that

exhausting the internal grievance procedure is a prerequisite to filing a civil rights

lawsuit.  *See* 42 U.S.C. § 1997e(a).   Therefore, in helping Holden-El exhaust his

administrative remedies, Plaintiff was also helping Holden-El access the courts.

Second, Defendant argues that, even if assisting another prisoner with filing

an internal grievance can be protected activity, Plaintiff failed to submit sufficient

evidence that Holden-El could not have pursued his grievance without Plaintiff's

assistance.   Defendant faults the Magistrate Judge for relying on the affidavit of

another prisoner, Daniel Perry, to show that Holden-El needed Plaintiff's

assistance, arguing that Perry's opinion that Holden-El "would not have . . . [met]

exhaustion . . . without Plaintiff's assistance," Perry Aff. ¶ 1, is conclusory and

lacks a proper foundation.   The Court agrees with Defendant that Perry's affidavit

is insufficient to create a fact issue whether Plaintiff's assistance was necessary, as

Perry does not address the foundation for his belief regarding the abilities of

another person.   *See* Fed. R. Civ. P. 56(c)(4) (to be considered in resolving a

summary judgment motion, affidavit must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant is competent

to testify on the matters stated).   As Defendant correctly points out, "[t]here is no

indication as to how prisoner D. Perry . . . could know that . . . Holden-El could not

have filed a grievance without Plaintiff's assistance."   Def.'s Objections at 3.

4

Moreover, Plaintiff's statement in his verified complaint that "Holden-El expressed to Plaintiff that he did not know how to meet exhaustion," Compl. ¶ 2, is hearsay and, as such, "must be disregarded." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997).[1]  Therefore, the Court sustains this aspect of Defendant's objection and concludes that Plaintiff has not created a fact issue with regard to the first element of the *Thaddeus-X* framework requiring a showing that Plaintiff engaged in protected conduct.[2]

In light of the Court's conclusion that Plaintiff has failed to satisfy the first element of the *Thaddeus-X* framework, the Court does not address Defendant's objection to the Magistrate Judge's determination that a fact issue remains regarding the causation element of the *Thaddeus-X* framework or Defendant's

---

[1] "[A] party opposing summary judgment who proffers evidence in a form not admissible at trial nonetheless must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Beckett v. Ford*, 384 F. App'x 435, 442  (6th Cir. 2010) (emphasis deleted) (internal quotation marks and citation omitted).  Plaintiff has not offered any admissible evidence showing that Holden-El required his assistance to pursue the grievance and does not specify what admissible evidence he would produce at trial to enable the factfinder to reach the conclusion that Holden-El needed Plaintiff's assistance to file the grievance.

[2] The Court notes, as did the Magistrate Judge in his R&R, *see* R&R at 7 n.3, that Plaintiff cites in his brief opposing Defendant's summary judgment motion an affidavit from Holden-El.  *See* Pl.'s Resp. at 5.  However, there is no affidavit from Holden-El in the record.  Plaintiff's "misdirection," as the Magistrate Judge aptly describes it, is not an acceptable litigation tactic in this Court.

objection to the Magistrate Judge's determination that Defendant is not presently entitled to qualified immunity.

For the reasons stated, the Magistrate Judge's R&R is **ADOPTED IN PART** and **REJECTED IN PART**, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

      **SO ORDERED.**


Date:  August 7, 2015

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Bishop Perry
Kevin R. Himebaugh, Esq.